**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRELL ROLLINS, an individual,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v.   ) | Case No. 04-CV-224-JHP-SAJ |
| ) | |
| **AMERICAN AIRLINES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER and OPINION**

Now before the Court is Plaintiff's reinstatement claim as raised in Plaintiff's Complaint [Case No. 04-CV-223, dkt. 1], Plaintiff's Motion for Summary Judgment dated May 26, 2004 [dkt. 26], and Defendant's Motion for Summary Judgment dated December 19, 2005 [dkt. 70], Plaintiff's Response in opposition, and Defendant's Reply thereto. Resolution of this issue has been long delayed, due to procedural meanderings in the DOL proceeding and in this Court. Plaintiff alleges that Defendant failed to reinstate him to employment in violation of a preliminary order issued in an underlying Department of Labor (DOL) proceeding, and seeks summary judgment on this issue [dkt. 26]. Because of the complex procedural history in this case, Plaintiff's Motion was not fully briefed. The Court therefore limits its findings herein to those issues briefed in relation to Defendant's Motion [dkt. 70], which is essentially a cross-motion to Plaintiff's Motion, at least in substance, if not in temporal proximity. Accordingly, the Court finds as MOOT Plaintiff's Motion for Summary Judgment [dkt. 26] and Plaintiff's Motion to Vacate or Amend or Alter Judgment [dkt. 47]. Upon review of the pleadings, and for reasons stated below, the Court finds that Defendant is entitled to judgment as a matter of law on Plaintiff's claim for reinstatement, and Defendant's Motion [dkt. 70] is accordingly GRANTED.

1

**Background**

From the undisputed facts in the case, the Court finds as follows:

Plaintiff worked for American Airlines' Tulsa maintenance facility until his termination on October 22, 2002. On October 17, 2002, Defendant issued Plaintiff a Career Decision Day Advisory, which listed areas in which Plaintiff needed to improve his performance. Upon receipt of an Advisory, an employee is given a paid day off from work to determine whether to (1) comply with the conditions imposed by American Airlines for remaining employed, (2) resign voluntarily from employment and waive all rights to appeal, or (3) be terminated and pursue redress. Plaintiff here chose the third option. Plaintiff then challenged his resulting termination with the DOL and in state court. Defendant removed the state court case to this Court, and obtained a summary judgment on Plaintiff's claim for wrongful discharge on January 14, 2005.

Plaintiff filed his DOL complaint in January 2003. The Occupational Safety and Health Administration (OSHA) investigated the complaint and ordered Defendant to reinstate Plaintiff to his former or comparable position. The parties discussed reinstatement, but did not agree on what constituted a comparable position. On March 17, 2004, after rejecting Defendant's offer of reinstatement, Plaintiff instituted this proceeding to enforce the OSHA order of reinstatement. During this same time period, Defendant timely appealed OSHA's findings to an Administrative Law Judge (ALJ). The ALJ ultimately dismissed Plaintiff's complaint. Plaintiff then appealed the ALJ's decision to DOL's Administrative Review Board, which appeal is still in progress. The parties dispute whether OSHA's order of reinstatement survives the appeals process, such that Plaintiff is now entitled to reinstatement, and that is the issue currently before the Court.

**Discussion**

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249. The presence of a genuine issue of material fact defeats the motion.

In making the summary judgment determination, the Court examines the factual record and draws reasonable inferences therefrom in the light most favorable to the non-moving party. Simms v. Oklahoma, 165 F.3d 1321, 1326 (10th Cir. 1999). The Court also interprets the rule in such a way as to isolate and dispose of factually unsupportable claims or defenses. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Summary judgment is also appropriate if any element of the prima facie case lacks sufficient evidence to require submission to a jury. Anderson v. Liberty Lobby, 477 U.S. at 248-49.

In this case, the material facts are largely undisputed; the parties simply differ in their interpretation of the law governing Plaintiff's status throughout the DOL grievance process. Plaintiff's complaint was first investigated by OSHA, and findings were issued on February 18, 2004, pursuant to 29 C.F.R. § 1979.105(c), which states:

> The findings and the preliminary order shall be effective 30 days after receipt by the named person pursuant to paragraph (b) of this section, unless an objection and a request for a hearing has been filed as provided at § 1979.106. However, the portion of any preliminary order requiring reinstatement shall be effective immediately upon

receipt of the findings and preliminary order.

The parties apparently recognized that immediate reinstatement was necessary, as they began to negotiate a comparable position upon receipt of OSHA's order. However, Plaintiff apparently never returned to work for American Airlines. Also upon receipt of the OSHA determination, Defendant commenced its appeal to the ALJ. According to 29 C.F.R. § 1979.106(b)(1):

> If a timely objection is filed, all provisions of the preliminary order shall be stayed, except for the portion requiring preliminary reinstatement. The portion of the preliminary order requiring reinstatement shall be effective immediately upon the named person's receipt of the findings and preliminary order, regardless of any objections to the order.

Thus, Plaintiff's reinstatement would have been effective throughout the pendency of the ALJ proceeding.

Once the ALJ reaches a decision, however, its effect on reinstatement is also "immediate." The regulations state:

> The [ALJ's] decision will be served upon all parties to the proceeding. Any administrative law judge's decision requiring reinstatement or lifting an order of reinstatement by the Assistant Secretary shall be effective immediately upon receipt of the decision by the named person, and may not be stayed. All other portions of the judge's order shall be effective ten business days after the date of the decision unless a timely petition for review has been filed with the Administrative Review Board.

29 C.F.R. § 1979.109(c). Consequently, on July 1, 2004, when the ALJ in this case dismissed Plaintiff's complaint, the reinstatement ordered by OSHA was lifted and Plaintiff was no longer entitled to a job with Defendant American Airlines.

At this point, the parties' understanding of the law diverges. Plaintiff believes that the preliminary order issued by OSHA survives its appeal to DOL's Administrative Review Board, while Defendant argues that reinstatement was a dead letter upon receipt of the ALJ decision.

4


The regulations provide:

> If a timely petition for review is filed pursuant to paragraph (a) of this section, the decision of the administrative law judge shall become the final order of the Secretary unless the Board, within 30 days of the filing of the petition, issues an order notifying the parties that the case has been accepted for review. If a case is accepted for review, the decision of the administrative law judge shall be inoperative unless and until the Board issues an order adopting the decision, except that a preliminary order of reinstatement shall be effective while review is conducted by the Board.

29 C.F.R. § 1979.110(b). When read in concert with the other applicable regulations, the regulation's intent is clear. Because 29 C.F.R. § 1979.109(c) states unequivocally that any ALJ decision "lifting an order of reinstatement . . . shall be effective immediately . . . , and may not be stayed," Plaintiff was **not** entitled to reinstatement at the time of his appeal to the DOL's Administrative Review Board. Pursuant to 29 C.F.R. § 1979.110(b), upon review, the ALJ decision is rendered inoperative, **except** for that portion of the ALJ's order dealing with reinstatement. In other words, 29 C.F.R. § 1979.110(b) does not contemplate OSHA's preliminary findings, and whatever Plaintiff's status was coming out of the ALJ proceedings is maintained for the duration of the DOL Administrative Review Board proceeding.

Plaintiff here makes a compelling policy argument. First, Plaintiff correctly points out that the crux of the problem lies with the DOL, which has had this matter under review for ten (10) months, well beyond the 120-day period in which it is supposed to rule. The Court also recognizes that reinstatement is usually the preferred remedy. *See In re* Marvin B. Hobby v. Ga. Power Co., Case No. 98-166, 169, 2001 WL 168898 (DOL Adm. Rev. Bd.). The delay in justice, however, does not justify Plaintiff's tortured reading of the regulations.[1] According to

---

[1] In one of the cases cited by Plaintiff as supportive of his argument, the complainant did not even seek reinstatement. *In re* Michael G. Moravec v. HC&M Transport., Inc., Case No. 90-

the logical progression of the issues through the DOL adjudication system, Plaintiff's reinstatement is, indeed, moot, unless and until the Administrative Review Board says otherwise.

## Conclusion

In conclusion, the Court finds that Plaintiff was entitled to reinstatement for the period of February 18, 2004 through July 1, 2004. On July 1, 2004, the ALJ's decision to lift Plaintiff's reinstatement went into effect, and is still in effect, pursuant to the plain language of the statute. The issue of reinstatement is therefore not properly before this Court, and Defendant's Motion for Summary Judgment is hereby GRANTED.

IT IS SO ORDERED this 15th day of June 2006.

James H. Payne
United States District Judge
Northern District of Oklahoma

---

STA-44, 1992 WL 752682 at n.14 (DOL Off. Adm. App.). Thus, while Plaintiff here cites Moravec for the proposition that the ALJ's order is not final, even though the order of reinstatement is immediately effective, *see* id. at n.1, the case does not provide any practical guidance to this Court. Plaintiff's reliance on Taylor v. U.S. Dep't of Labor, 2005 WL 3359718 (1st Cir. 2005), is similarly inapposite, in that it deals with completely different regulations than those at issue here.